UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL S. BENNETT,

    Plaintiff,

v.

BURLESON, et al.,

    Defendants.

Case No. 24-cv-12952

Honorable Robert J. White

**OPINION AND ORDER DISMISSING THE COMPLAINT**

I.    Introduction and Background

Carl S. Bennett is currently incarcerated with the Michigan Department of Corrections. He commenced this 42 U.S.C. § 1983 action challenging his state criminal proceedings. (ECF No. 1). Bennett pled guilty to operating a motor vehicle while intoxicated, fleeing a police officer, and assaulting/resisting/obstructing a police officer in state circuit court. A state circuit judge sentenced him, as a third habitual offender, to concurrent terms of two years four months to seven years six months, two years four months to four years, and two years to three years incarceration. *See* Offender Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"), mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber= 298713 (last visited Nov. 18, 2024).

Bennett attacks the validity of his arrest and the related state criminal proceedings. (ECF No. 1). He is suing Michigan State Trooper Burleson, Otsego County District Court Judge Michael Cooper, and Otsego County Circuit Court Judge Colin G. Hunter in their individual and official capacities. (*Id*.). While Bennett provides some facts underlying his arrest and convictions, and cites several constitutional provisions in his complaint, he does not clearly delineate his legal theories or specify the requested relief. (*Id*.). Chief United States Magistrate Judge David R. Grand granted Bennett leave to proceed without prepaying the filing fee. (ECF No. 4). 28 U.S.C. §1915(a)(1). The Court now dismisses the complaint for failing to state a plausible claim for relief.

II.  Legal Standards

Under the Prison Litigation Reform Act of 1996, district courts must dismiss *in forma pauperis* complaints *sua sponte* where the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

*Pro se* civil rights complaints must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

While this notice pleading standard does not require detailed factual allegations, it does require more than bare assertions of legal principles or conclusions. *Id.* Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id*. (quotation omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*. (cleaned up). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-556 (citations and footnote omitted).

In view of these pleading standards, section 1983 plaintiffs must plausibly allege that (1) they were deprived of a right, privilege, or immunity secured by the

federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-157 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

III. <u>Analysis</u>

Bennett's allegations are subject to dismissal for several reasons. First, the complaint must be dismissed because it challenges the validity of Bennett's state criminal proceedings. While section 1983 may be employed to invalidate conditions of imprisonment, it is not appropriate as a vehicle for challenging the validity of continued confinement. In *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994), the United States Supreme Court held that a state prisoner cannot plead a cognizable civil rights claim attacking his confinement if a ruling on the claim would necessarily render his continued confinement unconstitutional. This holds true regardless of the relief requested in the complaint. *Id*. at 487-489.

*Heck* and subsequent Supreme Court precedents, when "taken together, indicate that a state prisoner's section 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

4

Here, Bennett's continued confinement would be called into question if he prevailed on his claims. So his allegations are precluded from further consideration under *Heck*.

Even still, placing aside the *Heck* issue, defendants are entitled to Eleventh Amendment immunity insofar as Bennett is suing them in their official capacities. Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief" against a state and its agencies. *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quotation omitted). The amendment also precludes lawsuits against state employees who are sued in their official capacities. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010). It does not, however, foreclose section 1983 actions seeking prospective injunctive relief. *See Morgan v. Bd. of Pro. Resp. of the Sup. Ct. of Tenn.*, 63 F.4th 510, 515 (6th Cir. 2023).

Bennett names Michigan State Trooper Burleson as a defendant acting in his official capacity, which is, in effect, a claim against the Michigan State Police. *See Brown v. Dushan*, No. 24-673, 2024 U.S. Dist. LEXIS 186421, at *7 (W.D. Mich. Oct. 11, 2024). The Michigan State Police is a department of the State of Michigan created by statute such that its troopers are employees of the State of Michigan. *See Lavrack v. City of Oak Park*, No. 98-1142, 1999 U.S. App. LEXIS 24340, at *7 (6th Cir. Sep. 28, 1999); *Scott v. Michigan*, 173 F. Supp. 2d 708, 714 (E.D. Mich. 2001).

5

So Trooper Burleson is entitled to Eleventh Amendment immunity and any claims for relief, other than prospective injunctive relief, against him in his official capacity must be dismissed.

As for Judges Cooper and Hunter, the Otsego County circuit and district courts are part of Michigan's judicial branch and its employees are state employees. Mich. Const. 1963, art. VI, § 1; *see also Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 762-63 (6th Cir. 2010) (discussing Michigan's court system and stating that "there can be no doubt that all of Michigan's courts, including those trial-level courts funded by local funding units, are part of one, unified judicial branch of the state"). Consequently, Michigan's courts, its employees, and its judges are all entitled to Eleventh Amendment immunity. *See Pucci*, 628 F.3d at 764 (holding that a Michigan state district judge is entitled to Eleventh Amendment immunity "from all federal claims against him in his official capacity seeking damages and retrospective relief."); *Anger v. Gingell*, No. 12-14980, 2013 U.S. Dist. LEXIS 59010, at *7-8 (E.D. Mich. Apr. 25, 2013) (holding that a Michigan circuit judge is entitled to Eleventh Amendment immunity from a section 1983 claim seeking money damages). Judges Cooper and Hunter are, therefore, entitled to Eleventh Amendment immunity and any claims for relief, other than prospective injunctive relief, against them in their official capacities must be dismissed.

Any individual capacity claims against Judges Cooper and Hunter for

6

monetary relief are equally unavailing. Judges are entitled to absolute judicial immunity against individual capacity claims seeking monetary damages under section 1983. *See Mireles v Waco*, 502 U.S. 9, 9-10 (1991) (per curiam) (a judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly, or in excess of jurisdiction); *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994).[1] Since Bennett's claims against Judges Cooper and Hunter concern the performance of their judicial duties, they are entitled to absolute judicial immunity as well.

Lastly, the complaint must be dismissed because it fails to comport with Fed. R. Civ. P. 8(a). While Bennett provides some factual background about his arrest and the subsequent criminal proceedings instituted against him, he neglects to specify the asserted legal claims or the relief he is seeking from defendants. This lawsuit cannot proceed on such vague and conclusory allegations. *See Hammons v. Cuyahoga Child Enforcement Agency*, 66 F. App'x 623, 624 (6th Cir. 2003). Accordingly,

---

[1] The 1996 amendments to section 1983 extended absolute immunity for state judges to requests for injunctive or equitable relief. *See* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable"); *see also Cooper v. Rapp*, 702 F. App'x 328, 333-34 (6th Cir. 2017) (addressing state judge's immunity).

IT IS ORDERED that the complaint (ECF No. 1) is dismissed with prejudice.

IT IS FURTHER ORDERED that Bennett may not file an appeal *in forma pauperis* because it would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: November 20, 2024           s/Robert J. White
Detroit, Michigan           Robert J. White
         United States District Judge